## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.E.-1, J.E.-2, and B.E.**

**No. 15-1113** (Randolph County 15-JA-14, 15-JA-15, & 15-JA-16)

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father B.I., by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's October 27, 2015, order terminating his parental rights to three-year-old J.E.-1, two-year-old J.E.-2, and one-year-old B.E.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period and in terminating his parental rights to the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, the DHHR filed an abuse and neglect petition against petitioner and his girlfriend, M.E. In that petition, the DHHR claimed that (1) B.E. tested positive for buprenorphine, alprazolam, and clonazepam at birth; (2) petitioner and M.E. were under the influence of controlled substances at the hospital both before and after the delivery; (3) drug paraphernalia was located in their hospital room; (4) M.E. admitted her drug use to hospital personnel and a DHHR worker; (5) petitioner was a registered sex offender after his 2013 conviction for third-degree sexual assault on a fourteen-year-old girl; (6) M.E.'s parental rights to three older children (who were not fathered by petitioner and are not at issue herein) were

---

[1]Because two of the children share the same initials, they shall be referred to as J.E.-1 and J.E.-2 when referenced in this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

terminated in 2010; and (7) petitioner fathered three children with M.E. notwithstanding his knowledge that M.E. had her parental rights previously terminated to three older children.

In May of 2015, the circuit court held an adjudicatory hearing. At that hearing, petitioner stipulated to the allegations in the petition that he committed abuse and neglect by exposing the children to his illegal drug use and permitted M.E. to do the same; that he was a registered sex offender due to his third-degree sexual assault of a fourteen-year-old; and that he fathered three children with M.E. notwithstanding his knowledge that her parental rights to other children had been previously terminated. The circuit court accepted the stipulation and adjudicated him as an abusing parent. Thereafter, petitioner moved for a post-adjudicatory improvement period, which the circuit court held in abeyance until the time scheduled for the dispositional hearing.

Following the adjudicatory hearing, petitioner was incarcerated on a probation violation.[3] Petitioner represents in his brief to this Court that he was convicted of failure to register as a sex offender, which caused his probation to be revoked. Petitioner also admits that he used illegal drugs following the removal of his children, which he claims resulted in his conviction. He was ultimately released from incarceration in June of 2015.

In September of 2015, the circuit court held a dispositional hearing at which time it also considered petitioner's motion for a post-adjudicatory improvement period. Petitioner was present at this hearing with counsel. The DHHR presented evidence that since petitioner's release from incarceration in June of 2015, he made no efforts to contact the DHHR or to visit his children except for one telephone message left for the DHHR worker assigned to the case. The DHHR worker explained that in petitioner's single message, which he left shortly before the dispositional hearing, he failed to include a return telephone number or any particular request for the DHHR. The DHHR case worker testified that she attempted to contact petitioner by telephone; by searching an area he was known to frequent; and by driving to his mother's home where a message was left for petitioner. Despite these efforts, she did not receive any return contact from petitioner.

Contrary to his stipulation in May of 2015, petitioner testified at the dispositional hearing that he did not have a drug problem at the time of B.E.'s birth and that he had only one relapse, which occurred after the DHHR removed the children. He further testified that he attempted to call the DHHR twice after his release from incarceration, but he "lost" his counsel's contact information and was unfamiliar with the proceedings. At the conclusion of the hearing, the circuit court found that petitioner failed to demonstrate that he was likely to fully comply with an improvement period based, in part, on his absence following his release from incarceration. The circuit court further found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that the children's welfare required termination. In its subsequent written order, entered on October 27, 2015, the circuit court denied petitioner's motion for an improvement period and terminated his parental rights to the subject children. This appeal followed.

---

[3]The nature of petitioner's probation is not entirely clear from the record on appeal.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first challenges the circuit court's denial of his motion for a post-adjudicatory improvement period. In addressing improvement periods, we have previously held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements[.]" Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ."

In this case, we find no abuse of discretion in the circuit court's ruling that petitioner failed to demonstrate that he was likely to fully comply with an improvement period. Petitioner claims that the circuit court based its ruling on his unrelated criminal convictions and sex offender status. Petitioner admits that a relapse into drug use and incarceration occurred during the pendency of this case. Contrary to petitioner's claims, those events were relevant to his ability to comply with the terms of an improvement period. Moreover, in more than two months following his release from incarceration, petitioner left only one message with the DHHR shortly before the dispositional hearing. Petitioner mischaracterizes the circuit court's denial of his motion as a penalty for his non-compliance before an improvement period was granted. To the contrary, the circuit court merely fulfilled its statutory task of assessing whether petitioner satisfied his burden with regard to the motion for an improvement period, which was to demonstrate that he was likely to fully participate therein.

To the extent petitioner argues that he "lost important contact information" following his incarceration and relocation to a new residence, we fail to find that such an impediment entitles a parent to an automatic improvement period. We have long held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that

"[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). The circuit court heard the evidence presented and found that petitioner failed to carry his burden for an improvement period notwithstanding petitioner's claim to have lost this contact information. Given petitioner's admitted relapse, incarceration, and lack of involvement in this matter following his release from incarceration, we find no error in the circuit court's denial of his motion for an improvement period.

Petitioner next assigns error to the circuit court's termination of his parental rights based on the circumstances surrounding his unrelated incarceration and sex offender status. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights when there is no reasonable likelihood that petitioner can substantially correct the conditions of abuse or neglect in the near future and termination is necessary for the child's welfare.

In this case, we first note our disagreement with petitioner's contention that his incarceration for failure to register as a sex offender during these proceedings was entirely unrelated. The circuit court's assessment of petitioner's conduct during the proceedings below was relevant to its dispositional determination. That said, the evidence clearly established that, in addition to his incarceration, petitioner was largely absent for more than two months following his release with the exception of one telephone message shortly before the dispositional hearing. Based on our review of the record before us, we find that the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the children's best interest to terminate petitioner's parental rights. Accordingly, given the circumstances presented herein, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 27, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4